Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison, Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

**Pro Hac Vice*

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHELLE SHULTZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TTAC PUBLISHING, LLC**, a Nevada limited liability company,<br><br>Defendant. | Case No. 4:20-cv-4375-HSG<br><br>**REVISED JOINT RULE 26(f) REPORT** |

Plaintiff Michelle Shultz ("Plaintiff" or "Shultz") and Defendant TTAC Publishing, LLC ("Defendant" or "TTAC") jointly submit this Revised Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

### 1. Statement of the Case

<u>Plaintiff's Position</u>: The facts are straightforward. Plaintiff alleges that she received a series of unsolicited telemarketing text messages placed to her personal cellular telephone by or on the behalf of Defendant. Plaintiff denies ever providing his prior express consent to receive the texts (despite TTAC's statements below regarding her prior purchase from Defendant). Plaintiff alleges that the texts were sent using an automatic telephone dialing system and without prior express consent, in violation of the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA" or the "Act."). Plaintiff brings this case as an alleged Class action on behalf of herself and all others similarly situated.

Defendant claims below that the non-profit exemption applies. This will be a main focus of discovery, but Defendant's texts were telemarketing and Defendant isn't a non-profit.

<u>Defendant's Position</u>:

There appears to be no dispute about the facts giving rise to Plaintiff's claim. Plaintiff does not dispute that she completed a purchase on Defendant's website wherein she voluntarily submitted her cellular telephone number without limiting instructions. Moreover, Defendant has advised Plaintiff on multiple previous occasions that it did not send the messages of which Plaintiff complains. Rather they were sent by a nonprofit organization organized pursuant to section 501(c)(3) of the Internal Revenue Code purporting to act on Defendant's behalf.

47 C.F.R. § 64.1200(a)(2) expressly provides that telemarketing calls only require the prior express consent of the called party when "made by or on behalf of a tax-exempt nonprofit organization" and initiated through an automatic telephone dialing system. This is in contrast to the heighted prior express written consent standard.

Consequently, the messages at issue were placed with the requisite consent either by virtue of fact that: (i) Plaintiff's voluntary submission of her phone number without limiting instructions is sufficient prior express written consent; or (ii) it is sufficient prior express consent required to be contacted by the tax exempt nonprofit organization purporting to act on Defendant's behalf.

Issues of consent are not only a complete defense to Plaintiff's claim, but they would also predominate over any common issues that Plaintiff would attempt to litigate on behalf of a putative class. Furthermore, in addition to its consent defense, Defendant also cannot be held vicariously liable for the messages purportedly sent on its behalf because it did not authorize the messaging or ratify the conduct after the fact.

Finally, Defendant believes that the Supreme Court is on the precipice of significantly narrowing the interpretation of the term automatic telephone dialing system for TCPA-purposes adopted by the Ninth Circuit in *Marks v. Crunch v. San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018) to be in line with that adopted by the Third Circuit, *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018), Eleventh Circuit, *Glasser v. Hilton Grand Vacations Co.*, LLC, 948 F.3d 1301, 1312 (11th Cir. 2020), and Seventh Circuit, *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 468 (7th Cir. 2020) through its forthcoming imminent ruling in *Facebook v. Duguid, Inc.*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020) such that equipment which dials from human-generated lists of numbers (such as Defendant's customer list, for example) will be excluded from the definition. In this anticipated scenario, neither Plaintiff nor any putative class member would have been contacted through use of an ATDS and, consequently, would not have a viable claim under the TCPA.

**2. Subject Matter Jurisdiction**

This case is an alleged class action brought under the TCPA, a federal statute. As such, the Plaintiff contends that the Court has original jurisdiction under 28 U.S.C.

§ 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

Plaintiff opposes Defendant's anticipated appeal and denies that there are any subject matter jurisdiction issues. As will be explained in detail at the appropriate time, *Creasy* and *Lindebaum* were wrongly decided and there are no retroactivity concerns stemming from the *Barr* decision.

<u>Defendant's Position</u>:  Defendant anticipates taking an appeal from the Court's recent order denying its motion to compel arbitration.  In the event that the Court's order is affirmed on appeal, Defendant reserves the right to object to the Court's subject matter jurisdiction given that Plaintiff has brought suit in connection with text messages allegedly received during a time period in which the United States Supreme Court has determined that the TCPA was unconstitutional by virtue of Congress's enactment in 2015 of a contest-based restriction on speech amendment to the statute. *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020); *Creasy v. Charter Communications, Inc.*, 2:20-cv-1199, Dkt. No. 50 (E.D. La. Sept. 28, 2020); *Lindebaum v. Realgy, LLC*, 1:19-cv-2862, Dkt. No. 26 (N.D. Ohio Oct. 29, 2020).

**3. Legal Issues**

 1. Whether the equipment allegedly used by Defendant or its agent to place the alleged text message calls constitutes an ATDS under the TCPA.

 2. What is the appropriate standard of consent applicable to the subject text messages.

 3. Whether Defendant or its agent obtained the necessary consent to send the text messages.

 4.  Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23.

5. If Defendant violated the TCPA, whether it did so willfully.

6. Whether Defendant can properly assert the TCPA's non-profit exemption.

7. Whether vicarious liability can appropriately be attached to Defendant for messages that it did not send, and if so, whether treble damages can be appropriately assessed against Defendant for violations that it did not commit and therefore did not commit knowingly and/or willfully.

8. Whether Plaintiff had actual notice of the terms and conditions on Defendant's website at the time that she completed her purchase thereon.

**4. Motions**

Plaintiff's Position

Plaintiff anticipates moving for class certification following class discovery and moving for summary judgment in favor of himself and the class members after a ruling on class certification. Discovery motions may also become necessary.

Plaintiff opposes each of Defendant's anticipated motions.

Defendant's Position:

Defendant anticipates the following prospective motions, if necessary:

- motion for stay of proceedings pending Defendant's appeal of the denial of its motion to compel arbitration (a *sua sponte* stay issued upon Defendant's forthcoming filing of a notice of appeal would obviate the necessity of such an application);
- motion to dismiss in accordance with Fed. R. Civ. P. 12(b)(1);
- motion for summary judgment; and/or
- opposition to motion for class certification.

**5. Damages**

Plaintiff's Position: Plaintiff seeks an award or actual monetary loss or the sum of five hundred dollars ($500.00) for each violation of the TCPA whichever is greater. If Defendant is determined to have acted willfully, Plaintiff then seeks one thousand five hundred dollars ($1,500.00) for each violation of the TCPA.

Defendant's Position:

Defendant disputes that any violation of the TCPA occurred, that Plaintiff or any other putative class member is entitled to recover any damages, and that Defendant may be held vicariously liable for damages in the event that a TCPA violation did occur.

**6. Proposed Discovery Plan**

*Plaintiff's Proposed Discovery Plan & Limitations on Same:*

Plaintiff's position is that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Discovery is needed regarding certain threshold issues that will materially advance the case:

(1) The ability to identify other cellphone numbers that Defendant (or its agent) texted where the telephone numbers (and consent to text) were obtained in the same manner as Plaintiff's;

(2) The dates and times Defendant (or its vendor) texted such cellphone numbers;

(3) The identity of any vendor Defendant used to obtain lead information regarding the Plaintiff and the other class members, to obtain consent to send text messages to Plaintiff and the other class members and to actually send the texts at issue; and

(4) Information identifying Defendant's or its vendor's dialing equipment.

*Defendant's Proposed Discovery Plan & Limitations on Same*:

Subject to the outcome of Defendant's anticipated appeal, Defendant believes that this case can appropriately be dealt with through an early motion for summary judgment given the relative lack of dispute concerning the underlying facts giving rise to Plaintiff's claim. Nevertheless, Defendant anticipates that the following categories of discovery might be sought during the course of this litigation.

(1) Documents and information refuting the allegation that the entity responsible for contacting Plaintiff was acting in an agency capacity on behalf of Defendant.

(2) Evidence demonstrating that Plaintiff agreed to Defendant's website's terms and conditions, including its mandatory arbitration provision, at the time that she completed her purchase. (While the Court concluded that Defendant's website does not create a contract as a matter of law, Plaintiff did not argue that she, individually, did not have actual notice of the terms and conditions hyperlink on the website.)

(3) Records of consent of any person purportedly contacted on behalf of Defendant.

(4) Defendant expects that a protective/confidentiality order will be required to produce responsive documents and/or information demanded by Plaintiff.

**7. Additional Parties**

Plaintiff: Plaintiff does not anticipate adding any parties at this time, but reserves

his right to do so following sufficient discovery.

Defendant:

Defendant likewise reserves to right to implead any necessary party in the event the circumstances warrant.

### 8. Alternative Dispute Resolution (ADR)

Plaintiff's Position: The Parties will discuss the possibility of pursuing private mediation as appropriate.

Defendant's Position:  Defendant is amenable to the prospect of mediation.

### 9. Trial Estimate

Plaintiff has demanded a jury trial and the Parties do not anticipate trial lasting more than 5 days.

### 10.  Proposed Pretrial Schedule

*Plaintiff's Proposed Schedule*

As stated above, Plaintiff's position is that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

### 11. Magistrate Consent

All Parties do not consent to magistrate jurisdiction.

| | | |
|---|---|---|
| Dated: November 3, 2020 | | By: /s/ Patrick H. Peluso |

Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice*

**Counsel for Plaintiff and the alleged Class**

Dated: November 3, 2020                    By: /s/ Jay T. Ramsey

Jay Thomas Ramsey
Sheppard Mullin Richter and Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
(310) 228-2259
Fax: (310) 228-3701
Email: jramsey@sheppardmullin.com

**Counsel for Defendant**