UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SHULTZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TTAC PUBLISHING, LLC,<br><br>　　　　Defendant. | Case No. 20-cv-04375-HSG<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: Dkt. No. 30 |

Pending before the Court is Defendant TTAC Publishing, LLC's motion to stay. Dkt. No. 30. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

I.   **LEGAL STANDARD**

Whether to issue a stay pending appeal is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). To determine whether to issue a stay, the Court should consider four factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citing *Nken*, 556 U.S. at 434).

II.   **DISCUSSION**

On October 26, 2020, the denied Defendant's motion to compel arbitration of Plaintiff Michelle Shultz's claims for violations of the Telephone Consumer Protection Act, 47 U.S.C.

§§ 227, *et seq.* ("TCPA"). *See* Dkt No. 23. Defendant appealed this order to the Ninth Circuit on November 24, 2020. *See* Dkt. No. 27. Defendant now seeks to stay further proceedings before this Court while the appeal is pending, asserting that it meets all four stay factors.

Under the first factor, Defendant "need not demonstrate that it is more likely than not that [it] will win on the merits" of its appeal. *Leiva-Perez*, 640 F.3d at 966. However, it "must show, at a minimum, that [it] has a substantial case for relief on the merits." *Id.* at 968. Defendant contends that it has done so here for two reasons. *See* Dkt. No. 30 at 3–6. *First*, Defendant argues that Plaintiff did not dispute Defendant's contention that she agreed to the Terms and Conditions. *Id.* at 3. *Second*, Defendant suggests that the Court subjected it to disparate treatment—requiring Defendant to meet a "gold standard" to put users on notice of the Terms and Conditions—as compared to other cases. *See id.* at 4–6. Relatedly, Defendant contends that its appeal raises "serious legal questions" because "[a]n unworkable level of subjectivity has developed on the issue of whether an agreement is enforceable when formed on a website," which leads to disparate results. *Id.* at 6.

However, Plaintiff explicitly argued in her opposition to the motion to compel that "Defendant did not provide[] [Plaintiff] . . . with adequate notice of its hybridwrap terms, including the mandatory arbitration clause." *See, e.g.*, Dkt. No. 18 at 7. Plaintiff further explained that "[w]ithout adequate notice, Plaintiff could not and did not manifest assent to those term, and there is no enforceable agreement to arbitrate her claims." *Id.* Defendant's "implicit admission" theory, therefore, does not merit a stay.[1] As to Defendant's disparate treatment theory, the Court understands that Defendant disagrees with the Court's analysis in its order denying the motion to compel arbitration. *See* Dkt. No. 18. But Defendant's recitation of factually distinct cases does not establish either a substantial case for relief on the merits or a serious legal question. The Court considered the checkout page on Defendant's website in its entirety to conclude that the Terms and Conditions and hyperlink were not conspicuous enough to put Plaintiff on inquiry notice. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014) ("Whether a user has inquiry

---

[1] To the extent Defendant attempts to distinguish Plaintiff's statements from those of her attorneys, Dkt. No. 30 at 3, that argument is frivolous.

notice of a browsewrap agreement . . . depends on the design and content of the website and the agreement's webpage."). That this inquiry depends on the characteristics of an individual website does not render it "unworkable" as Defendant suggests. *See* Dkt. No. 30 at 6. As this motion for a stay highlights, courts routinely engage in fact-specific analyses.

Defendant next contends that it will be irreparably harmed absent a stay due to the "costs of litigation." Dkt. No. 30 at 6–7. Were Plaintiff compelled to arbitrate her claims, Defendant explains that the scope of discovery would be narrowed as she could only pursue her individual claims. *Id.* at 7. Defendant points to a Ninth Circuit case that explains:

> [W]here an order grants a stay of arbitration, one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes. If that party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy—are lost forever.

*Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). In *Alascom*, the Court reasoned that due to this irreparable harm, an order granting a stay of arbitration was immediately appealable. The Court does not trivialize the efficiencies that can flow from arbitration. But neither the Federal Arbitration Act nor Ninth Circuit authority provides for an automatic stay whenever a motion to compel arbitration is denied. *See, e.g.*, *Nken*, 556 U.S. at 433 ("A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion . . . .") (quotations omitted); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (holding that the appeal of district court's order denying motion to compel arbitration does not preclude district court from proceeding with the case on the merits).

The Court also notes that Defendant appears to minimize the potential harm to Plaintiff were a stay to be granted. Although Defendant contends that Plaintiff will not suffer any substantial harm because "[t]he relationship between the parties has ended," Dkt. No. 30 at 8, Plaintiff alleges that the unsolicited text messages only began *after* her purchase from Defendant's website. *Compare* Dkt. No. 1 ("Compl.") at ¶ 19 *with* Dkt. No. 14-1 at ¶ 7. She further seeks injunctive relief to cease all unsolicited text messages. *See* Compl. at 11 ("Prayer for Relief"). Defendant asserts that Plaintiff only "performatively seek[s] injunctive relief." Dkt. No. 34 at 7.

1   But there is no basis for this characterization on the record before the Court.  The Court further
2   finds that the public interest factor is neutral.  Both the enforcement of valid arbitration
3   agreements and the protection of consumer rights are important interests.  The Court concludes
4   that both are valid interests, and that they largely are in equipoise for purposes of this motion.

*   *   *

6   Having weighed these factors and considered the totality of the circumstances, the Court
7   declines to exercise its discretion to issue a stay.

### III.  CONCLUSION

Accordingly, the Court **DENIES** the motion to stay pending appeal.  The Court further **SETS** a further case management conference for March 23, 2021, at 2:00 p.m.  All parties, counsel, and members of the public and press may use the following dial-in information below to access the conference line:

**Dial In:** 888-808-6929

**Access Code:** 6064255

The parties shall also file a joint case management statement by March 16, 2021.

The Court recognizes that were class discovery to proceed immediately, Defendant would have to expend significant resources on a scale broader than would be authorized if it ultimately prevails on appeal and establishes an entitlement to arbitration of Plaintiff's claims on an individual basis.  That outcome could undermine at least one main benefit of arbitration.  Therefore, the Court is inclined to allow reasonable, individual discovery to move forward while the appeal is pending, since discovery of that scope will be relevant even if this action is ultimately arbitrated.  The parties should be prepared to discuss this issue at the case management conference (without attempting to relitigate the Court's denial of the motion to stay the case in its entirety).

**IT IS SO ORDERED.**

Dated:  3/8/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge